Aline S. Fisher, as Executrix of the Estate of Samuel C. Fisher, Deceased, and as Aline S. Fisher, His Wife v. Commissioner.
Fisher v. Commissioner
Docket No. 52188.
United States Tax Court
T.C. Memo 1956-98; 1956 Tax Ct. Memo LEXIS 188; 15 T.C.M. (CCH) 507; T.C.M. (RIA) 56098; April 30, 1956
*188 Where a separation agreement provided for periodic payments for the support of the former wife and minor children, with a provision for a lesser amount for the support of the minors in the event of her remarriage, held, viewing the instrument as a whole, that a portion of the periodic payments was payable for the support of minor children and therefore not deductible by the husband under section 23(u) of the 1939 Internal Revenue Code; held, further, dental expenses for the former wife paid by the husband are not periodic payments and therefore not deductible under section 23(u) of the 1939 Internal Revenue Code; and, held, further, insurance premiums paid by the husband on the policy which named the former wife as beneficiary but was contingent on her surviving the insured-husband without remarrying are not deductible under section 23(u) of the 1939 Internal Revenue Code. Richard Steel, Esq., for the petitioners. Clarence P. Brazill, Jr., Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: In this proceeding the respondent determined additional income tax against Samuel C. Fisher and his wife, Aline S. Fisher, for the calendar year 1950 *189 in the amount of $269.18. Samuel C. Fisher died during the pendency of the suit and his widow, Aline, executrix of his estate, has been substituted as a party for him. Samuel and Aline resided in New York, New York, and they filed their joint income tax return for 1950 with the collector of internal revenue for the second district of New York. The case involves the treatment to be accorded certain payments made by Samuel in the nature of alimony to his former wife, Frederika, from whom he was divorced in 1949. The case was submitted upon an agreed stipulation of all the facts. [Findings of Fact] When Samuel and his former wife, Frederika, were divorced in 1949, there was a written separation agreement which they had executed, which was included in the divorce decree by reference. Pursuant to the fourth paragraph of this agreement, Samuel was obligated to pay Frederika, during their joint lives and so long as Frederika did not remarry, for the support and maintenance of herself and their two minor children, Samuel, Jr., and Anne, "the sum of $230 per month, commencing on September 1, 1949 and continuing until September 1, 1960, and thereafter [he] shall pay to the Wife for *190 her support the sum of $190 per month." Anne, the younger child, would be 21 years old on August 1, 1960. The paragraph of the agreement goes on to provide if Frederika should remarry, Samuel would be under no further obligation to make payment for her support but in such event he agreed to pay to Frederika "in lieu of the payments above stated [$230 a month], the sum of $125 per month for the support and maintenance of" Anne and Samuel, Jr., if the boy elected to live with his mother, "until September 1, 1960." Samuel took a deduction for the 12 payments of $230 a month, or $2,760, made in 1950 on his and Aline's joint income tax return for that year. Respondent, in his computation, disallowed $125 per month from the $230 per month as the children support portion of the monthly payments and allowed the balance, or $105 per month, as an alimony deduction. [Opinion] Section 23(u) of the Internal Revenue Code of 1939, allows a husband to deduct payments made to a former wife which are includible in the wife's gross income under section 22(k), I.R.C. of 1939. The latter section provides in part that a divorced wife must include all periodic payments made to her by her former *191 husband under the terms of a divorce decree or written instrument incident to the divorce, with some exceptions. One exception is that she is not to include in her gross income "that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband." Petitioners' first argument is that under the fourth paragraph of the agreement Samuel was obligated to pay $230 a month to Frederika for her support and the support and maintenance of the children and the agreement does not fix the portion of the monthly payment which is for the support of the children. The Commissioner's regulations, Sec. 29.22(k)-1(d) of Regulations 111, is, in part: "If, however, the periodic payments are received by the wife for the support and maintenance of herself and of minor children of the husband without such specific designation of the portion for the support of such children, then the whole of such amounts is includible in the income of the wife as provided in section 22(k). * * *" In considering the question of whether the separation agreement *192 fixes the portion of the periodic payments as payable for the support of the children, the instrument must be construed as a whole. We have held the amounts set forth in an agreement for the support of the children upon the wife's remarriage represent the portion of the periodic payment that is payable for the support of the children. Robert W. Budd, 7 T.C. 413, affd. per curiam C.A. 6, 177 Fed. (2d) 198; Beulah Weil, 22 T.C. 612, and cases cited. Petitioners argue the rule of the Budd and Weil cases should not be applied here because this instrument provides for a third figure, $190 a month, to be paid Frederika after their youngest child became 21 years old. The argument in their brief is that, from a reading of the whole instrument, "no rational method can be devised to ascertain how much is allocated for the wife and how much for the children." The petitioners' alternative argument is that the presence of the $190 a month provision demonstrates that sum is for her support and the balance of the $230, or $40, was for the support of the children. The question here is as to the portion of the $230 payment which the agreement earmarks as *193 support for Samuel's minor children. The sum which Samuel agrees to pay his wife after both children are no longer minors is unimportant. As long as the children are both minors the obligation is to pay $230 a month and the remarriage provision identifies $125 of the monthly payment as children support. The respondent was right in his computation on this issue. In the fourth paragraph Samuel also agreed to pay for dental services required by Frederika, after January 1, 1950, in an amount not to exceed $300. It was stipulated Samuel paid such dental expenses in the year 1950 in the sum of $300 and the income tax return for Samuel and Aline for that year shows that sum as a deduction. This deduction was at first allowed and the issue is now presented by way of affirmative allegations in respondent's amended answer wherein respondent alleges he "erroneously allowed said alimony deduction of $300.00, since it does not fall within the purview of Sec. 23(u) of the Internal Revenue Code of 1939." We hold for respondent on this issue. In F. Ewing Glasgow, 21 T.C. 211, we held a payment made under a clause in a separation agreement providing the husband should pay the wife's *194 medical expenses, was a "lump-sum, nonrecurring payment" and it "does not meet the statutory test of a periodic payment." The payment of the dental bill in the sum of $300 was not income to Frederika and therefore not deductible by Samuel on his return. The tenth paragraph of the agreement evidences the fact that Samuel had some time prior thereto insured his life for $10,000 by a policy of term insurance that would expire on January 1, 1956. Samuel agreed this policy was, or would be, made payable to Frederika as beneficiary and he further agreed that he would keep this policy in force and effect so long as Frederika "shall be living and shall not remarry, and that after January 1, 1956 he will maintain life insurance for the benefit of * * * [Frederika] so long as she shall be living and shall not remarry in such amount as he can obtain at that time for an annual premium not greater than the present premium on the existing term insurance, and that he will not change the beneficiary of the existing policy or of such new policy without the consent of the Wife [Frederika]." It was stipulated that during the year 1950 Samuel paid insurance premiums on the term policy in the sum *195 of $189.65, which sum he took as a deduction. The issue is ruled by our holding in Lilian Bond Smith, 21 T.C. 353. There the separation agreement provided the husband should pay the insurance premiums on a policy on his life in which the wife was named as beneficiary. It provided he could not change the beneficiary without his wife's consent but her death or remarriage ended her rights under the policy. We held the wife's rights under the policy were contingent and the premiums on the policy were not paid for her sole benefit and not includible in her gross income under section 22(k) of the 1939 Code. In the Smith case the separation agreement expressly stated all the rights and incidents of ownership in the policy, subject only to the limitation of changing the beneficiary, were retained by the husband, but here the same result follows because the rights and incidents of ownership of the policy were not granted to the wife. The policy was not assigned to Frederika, and she acquired no rights of ownership. She was not the irrevocable beneficiary of the policy. Her interest was made contingent on her surviving the insured without remarrying. We have held such interest *196 too remote. Raoul Walsh, 21 T.C. 1063; Beulah Weil, supra; Leon Mandel, 23 T.C. 81, affd. 229 Fed. (2d) 382. We sustain the respondent in his disallowance of the deduction for insurance premiums which Samuel paid in the sum of $189.65. Decision will be entered for the respondent.